**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARD RUCK and all other similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) Case No.: 1:19-cv-06673 |
| v. | ) ) |
| ALL CLEAR SEWER & DRAINAGE, INC., T.R. CONTRACTORS, INC., d/b/a DRAINS INCORPORATED, THOMAS PATTON and TIMOTHY ROBERTS, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Richard Ruck ("Ruck" or "Plaintiff") by and through his attorneys, for his Complaint against All Clear Sewer & Drainage, Inc. ("All Clear"), T.R. Contractors, Inc., d/b/a Drains Incorporated ("T.R. Contractors"), Thomas Patton ("Patton") and Timothy Roberts ("Roberts"), states as follows:

## NATURE OF CLAIMS

1. This is a collective action brought on behalf of individuals who perform or who have performed sewer, drainage and plumbing installation, maintenance and repair services for businesses and residences in the State of Illinois and are classified by All Clear and T.R. Contractors as independent contractors.

2. T.R. Contractors informally or formally contracts with All Clear to perform sewer, drainage and plumbing installation, maintenance and repair services for All Clear's customers. All Clear controls the manner in which these services are performed and benefits from the services. The individuals who perform these services are misclassified as independent contractors and are thus denied the protection of federal and state wage and hour and other

employment laws.

3. Plaintiff brings claims on behalf of a class of similarly situated individuals (the "technicians") who have performed sewer, drainage and plumbing installation, maintenance and repair services for All Clear and have been misclassified as independent contractors by All Clear and T.R. Contractors throughout the state of Illinois who may opt-in to this case under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* All Clear and T.R. Contractors have violated the FLSA by failing to pay these individuals time and one-half their regular rate for hours worked in excess of 40 hours per week.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

6. Plaintiff during the relevant period of time performed work for Defendants inside the State of Illinois.

7. Defendant All Clear is an Illinois corporation with its principal place of business in Antioch, Illinois. All Clear is engaged in the business of providing sewer, drainage and plumbing installation, maintenance and repair services to residential and commercial customers.

8. Upon information and belief, Defendant Patton is a resident of Antioch, Illinois. During all relevant periods, Patton has been the president of All Clear.

9. Defendant T.R. Contractors is an Illinois corporation with its principal place of business in Fox Lake, Illinois. T.R. Contractors contracts with All Clear to perform sewer,

drainage and plumbing installation, maintenance and repair services to All Clear's residential and commercial customers.

10. Upon information and belief, Defendant Roberts is a resident of Spring Grove, Illinois. During all relevant periods, Roberts has been the president of T.R. Contractors.

11. At all material times hereto, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, et seq. and the Illinois Employee Classification Act ("ECA"), 820 ILCS 185/1, *et seq.* within this judicial district.

12. At all material times hereto, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207 and the IMWL, 820 ILCS § 105/4a.

13. At all material times hereto, Defendants were "employers" as defined in the FLSA, 29 U.S.C. § 203(3)(d); the IMWL, 820 ILCS § 105/3(c); and the ECA 820 ILCS § 185/10.

## ALLEGATIONS OF FACT

14. All Clear hires individuals to perform sewer, drainage and plumbing installation, maintenance and repair services to All Clear's residential and commercial customers, either directly as an "independent contractor," or as an "independent contractor" who supposedly has contracted with T.R. Contractors.

15. As president of All Clear, Defendant Patton has at all relevant times had the final decision-making authority with respect to all hiring, firing, compensation and wage record-keeping decisions for Plaintiff and similarly situated workers and Defendant Patton has in fact regularly overseen the operations of All Clear during all relevant times.

16. As president of T.R. Contractors, Defendant Roberts has at all relevant times had the final decision-making authority with respect to all hiring, firing, compensation and wage record-keeping decisions for Plaintiff and similarly situated workers and Defendant Roberts has in

3

fact regularly overseen the operations of T.R. Contractors during all relevant times.

17. Plaintiff was hired by All Clear on or about December 5, 2014 and worked until he was discharged on August 22, 2019. During his tenure, Plaintiff's wages have periodically been paid by T.R. Contractors, while at other times, they have been paid by All Clear.

18. Despite being hired purportedly as an independent contractor, Plaintiff's duties and the persons to whom he reported and from whom he received instruction have remained the same. The nature of Plaintiff's duties and the manner in which he was required to perform those duties make it clear that he was actually Defendants' employee and was economically dependent on Defendants for his livelihood.

19. During Plaintiff's employment, Defendants repeatedly advised him that he was prohibited from working for other companies. Further, Defendants constantly required Plaintiff to perform approximately ten to twelve hours of work per day, six days per week. Therefore, while employed by Defendants, Plaintiff would not have been able to perform his own work or work for others even if such work had not been prohibited by Defendants.

20. Defendants organized Plaintiff's daily schedule of work and Plaintiff could not deviate from that schedule without notice to and permission from Defendants. During the work day, Defendants monitored Plaintiff and supervised the manner in which he performed his tasks.

21. Accordingly, Plaintiff was an employee of Defendants under federal and state law, and was entitled to the same protections and benefits provided to Defendants' employees.

22. At all material times hereto, Plaintiff worked on weekends and holidays but received no overtime, holiday pay, or vacation pay as was allotted to Defendants' employees.

23. Based on Defendants' misclassification of Plaintiff as an "independent contractor", Defendants did not provide unemployment or workers' compensation insurance or other state-mandated employee benefits, nor did they make Federal Insurance Compensation Act ("FICA")

contributions or provide other benefits to him.

## COUNT I

### Violation of the FLSA - Overtime Wages

24. Plaintiff incorporates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201 *et seq.*, for their failure to pay overtime wages to Plaintiff and similarly situated workers at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

26. During the course of his employment by Defendants, Plaintiff and similarly situated workers were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

27. During the course of employment, Plaintiff and similarly situated workers were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

28. Pursuant to 29 U.S.C. § 207, Plaintiff and similarly situated workers were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

29. Defendants did not compensate Plaintiff or similarly situated workers at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

30. Defendants' failure to pay Plaintiff or similarly situated workers overtime wages at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week violates the FLSA, 29 U.S.C. § 207.

31. Defendants willfully violated the FLSA by refusing to pay Plaintiff or similarly

situated workers their overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

32. Plaintiff and similarly situated workers are entitled to recover unpaid wages for up to three (3) years prior to the filing of this Complaint because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. § 207.

33. Plaintiff brings this action on his own behalf and on behalf of others similarly situated, including all individuals who performed sewer, drainage and plumbing installation, maintenance and repair work for Defendants in the State of Illinois while improperly classified as independent contractors and denied overtime compensation who chose to opt into this matter pursuant to the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for the following relief:

A. That all individuals who performed sewer, drainage and plumbing installation, maintenance and repair work for Defendants in the State of Illinois while improperly classified as independent contractors and denied overtime compensation be granted leave to opt into this matter in accordance with 29 U.S.C. § 216(b).

B. A judgment in the amount of one and one-half times Plaintiffs' and the opt-in Plaintiffs' regular rate for all time they worked in excess of forty (40) hours per week and all other damages available to them under the law;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff and opt-in Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the IMWL - Overtime Wages

34. Plaintiff incorporates and realleges paragraphs 1 through 23 as though fully set forth herein.

35. This Count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay overtime wages to Plaintiff and all other similarly-situated workers at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

36. During the course of his employment by Defendants, Plaintiff and similarly situated workers were not exempt from the overtime wage provisions of the IMWL.

37. During the course of their employment with Defendants, Plaintiff and similarly situated workers were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

38. Pursuant to 820 ILCS 105/4(a), Plaintiff and similarly situated workers were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

38. Defendants did not compensate Plaintiff or similarly situated workers at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendants' failure to pay Plaintiff and similarly situated workers overtime wages at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violates the overtime pay provisions of the IMWL, 820 ILCS 105/4(a).

40. Pursuant to 820 ILCS 105/12(a), Plaintiff and similarly situated workers are entitled to recover unpaid wages and overtime plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for the following relief:

A. A judgment in the amount of all back wages due as provided by the IMWL including all overtime and other benefits provided under the IMWL;

  B.  Prejudgment interest on the back wages in accordance with 815 ILCS § 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

  C.  Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

  D.  Such other and further relief as this Court deems appropriate and just.

## COUNT III

### Violation of the ECA - Earned Wages and Employment Benefits

41. Plaintiff incorporates and realleges paragraphs 1 through 23 as though fully set forth herein.

42. This Count arises from Defendants' violation of the ECA, 820 ILCS § 185/1 *et seq.*, for their failure to properly classify Plaintiff and similarly situated workers as employees and the losses associated therewith.

43. During the course of work, Defendants employed Plaintiff and similarly situated workers in construction as defined by the ECA, 820 ILCS § 185/5.

44. During the course of his employment, Plaintiff and similarly situated workers were Defendants' employees as defined by the ECA 820 ILCS § 185/10.

45. During the course of work, Defendants classified and treated Plaintiff and similarly situated workers as "independent contractors" in that, among other things, Defendants failed to comply with the requirements of paying overtime, failed to pay unemployment benefits on behalf of Plaintiff and similarly situated workers as required by Illinois law, failed to provide workers' compensation coverage for Plaintiff and similarly situated workers as mandated by Illinois law and failed to provide Plaintiff and similarly situated workers with other employment benefits due them as was provided to other employees.

46. Pursuant to 820 ILCS § 185/60, Plaintiff and similarly situated workers are entitled to recover the amount of any wages, salary, employment benefits, or other compensation denied or lost to the person by reason of the violation, plus an equal amount in liquidated damages and

attorney fees. Plaintiff and similarly situated workers are also entitled to statutory damages in the amount of up to $500 for each violation of the ECA, 820 ILCS § 185/60(a)(2).

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment for all relief available under the ECA;

B.     Liquidated damages as provided for by the ECA, 820 ILCS § 185/60(a)(l);

C.     Compensatory damages as provided for by the ECA, 820 ILCS § 185/60(a)(2);

D.     Statutory damages in the amount of up to $500 for each violation of the ECA, 820 ILCS § 185/60(a)(2);

E.     Reasonable attorneys' fees and costs of this action as provided by the ECA, 820 ILCS § 185/60; and

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV

### Violation of the ECA - Retaliation

47. Plaintiff incorporates and realleges paragraphs 1 through 23 as though fully set forth herein.

48. On or about August 22, 2019, Plaintiff made a complaint to Defendants about his situation and asserted that he was truly an employee and that Defendants should provide him with worker's compensation and unemployment insurance benefits as well as appropriate tax paperwork.

49. Immediately after and as a direct result of this conversation, Defendants terminated Plaintiff's employment.

50. In terminating Plaintiff based on the complaint about his misclassification, Defendants retaliated against Plaintiff in violation of the ECA, 820 ILCS § 185/55.

51. Plaintiff has suffered damages as a result of Defendants' illegal discharge, including, but not limited to the compensation and fringe benefits he would have received had he

not been discharged.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment for all relief available under the ECA;

B. An award of all backpay and the monetary equivalent of fringe benefits to which Plaintiff would have received through the date of judgment had he been properly classified as an employee and not illegally discharged;

C. An order that Defendants reinstate Plaintiff as an employee and thereafter halt all practices that violate the ECA;

D. Reasonable attorneys' fees and costs of this action as provided by the ECA, 820 ILCS § 185/60; and

E. Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury for all the issues pled in this Complaint so triable.

Dated: October 8, 2019                                  Respectfully submitted,

                                                        **RICHARD RUCK**

                                                        By: /s/ David J. Fish
                                                              One of Plaintiff's Attorneys

David J. Fish
Seth D. Matus
THE FISH LAW FIRM, P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400